UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| DOMINIC SABBIA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MARSHALL FIELDS,<br><br>　　　　Defendant. | Civil No. 06-2167 (DSD/JJG)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's amended motion for leave to proceed in forma pauperis, ("IFP"). (Docket No. 5.)[1] The case has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied and the action dismissed when a plaintiff has filed a complaint that fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per curiam).[2]

---

[1] Plaintiff's original IFP application, (Docket No. 2), was denied, because it did not adequately demonstrate that Plaintiff is indigent.  (See Order dated June 6, 2006; [Docket No. 4].)  Plaintiff was granted an opportunity to file an amended IFP application, and he recently did so.  Thus, the matter is now before the Court pursuant to Plaintiff's amended IFP application.

[2] Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996)) ("the PLRA").  It replaces § 1915(d), which authorized the dismissal of an IFP complaint only if it was found to be "frivolous."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that a complaint is "frivolous" and therefore

In this case, Plaintiff is attempting to sue his former employer, Defendant Marshal Fields, for allegedly violating his rights under Title I of the Americans With Disabilities Act, ("ADA"), 42 U.S.C. § 12101, et seq. From the limited factual allegations set forth in Plaintiff's complaint, it appears that he somehow injured his feet during the course of his employment with Defendant. Plaintiff alleges that he became "disabled and pennyless" following his injury. He further alleges that Defendant terminated his employment on February 1, 2005, after receiving a "return to work restriction" from his doctor.[3] No other apposite facts have been pleaded.

Plaintiff claims that Defendant violated the ADA by discriminating against him, and firing him, because of his disability. He is seeking a judgment that would (a) award him "actual damages of one hundred thousand dollars and punitive damages of one million dollars," (b) cause him "to be re-employed (and receive a reasonable accomodation [sic] under the [ADA])," and (c) award him "back pay retroactive to February first 2005." (Complaint, [Docket No. 1], p. 2.)

In a prior order dated June 6, 2006, (see n. 1, supra), the Court noted that Plaintiff's complaint appeared to be deficient, because there are no allegations suggesting that he has exhausted his administrative remedies for his ADA claim. In response to that order, Plaintiff filed a motion entitled "Motion to waive exhaustion requirements of ADA claim." (Docket No.

---

subject to dismissal under § 1915(d) "where it lacks an arguable basis either in law or in fact"). Section 1915(e)(2) provides for dismissal of IFP cases not only where the complaint is "frivolous," (§ 1915(e)(2)(B)(i)), but also where it "fails to state a claim on which relief may be granted" (§ 1915(e)(2)(B)(ii)).

[3] The complaint indicates that a "return to work restriction" was "enclosed" with the complaint, but no such document was actually filed.

6.) That motion clearly confirms that Plaintiff has not yet exhausted his administrative remedies for his ADA claim. He apparently wants the Court to "waive" the exhaustion of administrative remedies requirement, and allow this action to proceed despite his non-exhaustion.

It is well-settled, however, that an individual cannot bring an action in federal court under Title I of the ADA, unless he or she has first exhausted the administrative remedies that are available for ADA claims. "The ADA incorporates by reference the powers, remedies, and procedures set forth in Title VII, 42 U.S.C. § 2000e et. seq.... [and] Title VII requires employees alleging discrimination to file a charge with the appropriate administrative agency, and bars suits until the employee has received a right to sue letter." McSherry v. Trans World Airlines, Inc., 81 F3d 739, 740, n. 3 (8th Cir. 1996) (per curiam), citing 42 U.S.C. § 12117(a) and 42 U.S.C. § 2000e-5(e)(1), (f)(1). See also Randolph v. Rodgers, 253 F.3d 342, 347, n. 8 (8th Cir. 2001) ("Title VII of the Civil Rights Act of 1964 and Title I of the ADA both require exhaustion of administrative remedies"); Brant v. Principal Life and Disability Ins. Co., 6 Fed.Appx. 533, 535 (8th Cir. 2001) (unpublished opinion) ("District Court properly dismissed [plaintiff's] ADA claim, because he did not file a charge of discrimination with the Equal Employment Opportunity Commission before bringing the suit"); Wolhart v. Genuine Parts Company, No. 05-254 (RHK/JSM) (D.Minn. 2006), 2006 WL 839506 at * 6 ("[p]rior to filing a lawsuit for a violation of the ADA, a claimant is required to exhaust the administrative remedies available to him under the statute").

Plaintiff contends that the exhaustion of administrative remedy requirement should be waived in this case, because "the EEOC and Illinois department of human rights are toothless

tigers." However, Plaintiff has offered no relevant facts to support this conclusory assertion. More importantly, Plaintiff has not cited any legal authority suggesting that a court can simply "waive" the exhaustion requirement, based on an ADA claimant's unsupported opinion that it would be futile to pursue his or her administrative remedies. Because the exhaustion requirement has been imposed by Congress, it is doubtful that the federal courts have the legal authority to waive the exhaustion requirement under any circumstances.

In any event, the Court finds that Plaintiff has not shown sufficient factual or legal grounds to excuse him from the exhaustion requirement in this case. Plaintiff's "Motion to waive exhaustion requirements of ADA claim" must therefore be denied. Because Plaintiff has not exhausted his administrative remedies for his ADA claim, he has failed to state a cause of action on which relief can be granted.[4]  Therefore, the Court will recommend that Plaintiff's amended IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[4] Although it clearly appears that Plaintiff is bringing this action under the ADA, his complaint also includes vague references to "the workmans compensation act" and a "medical coverage contract." (Complaint, p. 1.) No actionable claim for relief can be found in those bare phrases, however, because they are unaccompanied by any relevant factual allegations. While a pro se pleading is to be liberally construed, it still must allege some historical facts, which if proven true, would entitle the plaintiff to legal redress against the named defendant(s). Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"); Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ('[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions").

RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's amended application to proceed in forma pauperis, (Docket No. 5), be DENIED;

2.  Plaintiff's "Motion to waive exhaustion requirements of ADA claim," (Docket No. 6), be DENIED; and

3.  This action be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).


Dated: June 23, 2006                         s/Jeanne J. Graham

                                             _____
                                             JEANNE J. GRAHAM
                                             United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by July 13, 2006.  A party may respond to the objections within ten days after service thereof.  Any objections or responses filed under this rule shall not exceed 3,500 words.  A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.