UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 06-2167(DSD/JJG)

Dominic Sabbia,

       Plaintiff,

v.                                                              **ORDER**

Marshall Fields,

       Defendant.


     This matter is before the court upon plaintiff's pro se objections to the report and recommendation of Magistrate Judge Jeanne J. Graham dated June 23, 2006.  In her report, the magistrate judge recommended that plaintiff's amended application to proceed in forma pauperis be denied, plaintiff's motion to waive the exhaustion requirements of the Americans with Disabilities Act ("ADA") be denied, and this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because plaintiff has failed to state a claim for which relief may be granted.

     The court reviews the report and recommendation of the magistrate judge de novo.  28 U.S.C. § 636(b)(1)(C).  Plaintiff objects to the ADA's requirement that he must file a charge with the Equal Employment Opportunity Commission ("EEOC") prior to commencing a lawsuit in federal court based on alleged disability discrimination.  Plaintiff argues, without any supporting legal authority, that requiring him to exhaust his administrative remedies violates the United States Constitution.

Under the ADA, the filing of an administrative charge with the EEOC is a procedural prerequisite to bringing a lawsuit in federal court.  See 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5.  Exhaustion of administrative remedies is central to the statutory scheme of the ADA because the EEOC thereby receives the first opportunity to investigate discriminatory practices, enabling it "to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts."  See Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222 (8th Cir. 1994) (citing Patterson v. McLean Credit Union, 491 U.S. 164, 180-81 (1989)).  To allow a plaintiff to file a federal lawsuit that encompasses allegations not contained in a "'predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge.'"  See id. at 223 (quoting Babrocky v. Jewel Food Co. & Retail Meatcutters, 773 F.2d 857, 863 (7th Cir. 1985)).

The court finds no merit in plaintiff's unsupported contention that requiring him to exhaust his administrative remedies violates the United States Constitution.  See Washburn v. Sauer-Sundstrand, Inc., 909 F. Supp. 554, 559 (N.D. Ill. 1995) (rejecting argument that exhaustion of administrative remedies requirement under the ADA violates Fifth Amendment rights to due process and equal protection).  The court is to uphold legislation such as the ADA provided the statute "does not employ suspect classifications or impinge on fundamental rights . . . and is rationally related to a

legitimate governmental purpose." <u>Hodel v. Indiana</u>, 452 U.S. 314, 332 (1981).  Social and economic legislation "carries with it a presumption of rationality that can only be overcome by a clear showing of arbitrariness and irrationality." <u>Id.</u>  Plaintiff has made no such showing.  Therefore, his argument must fail.

The court finds that the report and recommendation of the magistrate judge is well reasoned and correctly disposes of plaintiff's claims.  Therefore, the court adopts the report and recommendation of the magistrate judge in its entirety.

Accordingly, **IT IS HEREBY ORDERED** that:

1.   Plaintiff's amended application to proceed in forma pauperis [Doc. No. 5] is denied;

2.   Plaintiff's "Motion to waive exhaustion requirements of ADA claim" [Doc. No. 6.] is denied;

3.   This action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).


**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 12, 2006

                                           <u>  s/ David S. Doty           </u>
                                           David S. Doty, Judge
                                           United States District Court